IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK CRAFT,

     Plaintiff,          No. 2:12-cv-2248 JFM P

  vs.

CDCR, WARDEN, (CCC), et al.,

     Defendants.     ORDER

                          /

        Plaintiff is a state prisoner proceeding without counsel or "pro se." Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff, the only party to appear in this action, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.[1]

        Plaintiff claims that his right to due process was violated by defendants' failure to timely hold a "computation review hearing;" to notify petitioner at least twenty-four hours in

---

[1] For the reasons set forth infra, the court cannot determine at this time whether this action should be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 or a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, consideration of the application of the partial filing fee provisions of 28 U.S.C. § 1915(b) is deferred at this time.

1

advance of the hearing; to afford "the plaintiff a hearing panel or right to present relevant documents; and to respond timely to three separate requests for a supervisor's review regarding such computation review hearing. Complaint, filed August 30, 2012 (ECF No. 1), at 3-4. Plaintiff seeks a declaratory judgment and money damages. Id. at 3.

Exhibits appended to the complaint[2] demonstrate that a computation review hearing may be required when an inmate "files an administrative appeal which sets forth a specific, clearly stated clam regarding an alleged error which adversely affects a term of confinement...." Ex. D to Complaint (ECF No. 1) at 16. The exhibits also show that on November 14, 2011, plaintiff was sentenced to five years in prison. See Ex. E to Complaint (ECF No. 1) at 18, 26  The exhibits also show that plaintiff had a computation review hearing on July 17, 2012. Id. at 15. The results of the computation review hearing are not included in the record before the court.

If the alleged delay in holding plaintiff's computation review hearing adversely affected the length of time he is required to remain in state prison, plaintiff's claim may implicate "the fact or duration of his confinement." If so, this action should be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254. See Tucker v. Carlson, 925 F.3d 330, 332 (9th Cir. 1991). So construed, it would be subject to dismissal for failure to exhaust state court remedies.[3]

If plaintiff's computation review hearing was held prior to the time he was due to be released from prison and did not result in a longer prison stay, this action will not be construed as a habeas corpus action. It will, however, be subject to dismissal for failure to state a claim

---

[2] Exhibits appended to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c).

[3] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

upon which relief may be granted.  See 28 U.S.C. § 1915A.  Plaintiff asserts a claim based on state regulations that set forth timelines and other procedures for holding computation review hearings.  He claims that his right to due process was violated because those timelines and procedures were not complied with.  However, where a due process claim arises from a state-created liberty interest, the federal due process clause only applies if the liberty interest at stake involves imposition of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Here, there are no allegations that suggest that the alleged delay in holding plaintiff's computation review hearing caused any "atypical or significant hardship" on plaintiff.

For all of the foregoing reasons, the record before the court suggests that this action must be dismissed either because it is a habeas corpus petition for which state court remedies have not been exhausted, or because plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983.  Good cause appearing, plaintiff will be granted a period of twenty days in which to file a request for voluntary dismissal of this action.[4]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to proceed in forma pauperis;

2. Determination of the application of the partial filing fee provisions of 28 U.S.C. § 1915(b) is deferred at this time; and

////

////

////

////

---

[4] Plaintiff is cautioned that if this action proceeds further as a civil rights action pursuant to 42 U.S.C. § 1983 he will incur a liability in the amount of $350.00, which is the filing fee for a federal civil action.  Moreover, if this action is in fact a civil rights action and is dismissed for failure to state a claim upon which relief may be granted, that dismissal will operate as a strike under 28 U.S.C. § 1915(g).

3.  Plaintiff is granted twenty days from the date of this order in which to file a request for voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a).

DATED:  May 2, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

12
craf2248.vd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK CRAFT,

        Plaintiff,                    No. 2:12-cv-2248 JFM P

    vs.

CDCR, WARDEN, (CCC), et al.,

        Defendant.              <u>NOTICE OF AMENDMENT</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

     _____        Second Amended Complaint

DATED:

                                    _____

                                    Plaintiff