1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEREK CRAFT,

11            Plaintiff,                    No. 2:12-cv-2248 JFM P

12        vs.

13   CDCR, WARDEN, (CCC), et al.,

14            Defendants.              ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel or "pro se" and in forma

17   pauperis with a civil action.  Plaintiff, the only party to appear in this action, has consented to

18   proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Plaintiff claims

19   that his right to due process was violated by defendants' failure to timely hold a "computation

20   review hearing;" to notify petitioner at least twenty-four hours in advance of the hearing; to

21   afford "the plaintiff a hearing panel or right to present relevant documents; and to respond timely

22   to three separate requests for a supervisor's review regarding such computation review hearing.

23   Complaint, filed August 30, 2012 (ECF No. 1), at 3-4.   Plaintiff seeks a declaratory judgment

24   and money damages.  Id. at 3.

25        In an order filed May 3, 2013, the court found that it was unable to determine

26   from the initial pleading whether the action at bar is a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254, or a civil rights action pursuant to 42 U.S.C. § 1983.  The court further

found that if the claim at issue implicates "the fact or duration of . . . confinement" the action

should be construed as a habeas petition pursuant to 28 U.S.C. § 2254 and, so construed,

dismissed for failure to exhaust state court remedies.  See Order filed May 3, 2013 (ECF No. 6)

at 2 (citing Tucker v. Carlson, 925 F.3d 330, 332 (9th Cir. 1991)).  If, on the other hand, the

alleged delay in holding plaintiff's computation review hearing did not result in a longer prison

stay, the action is properly a civil rights action pursuant to 42 U.S.C. § 1983 and is subject to

dismissal for failure to state a claim upon which relief may be granted because there are no

allegations in the complaint which suggest that the alleged delay in holding plaintiff's

computation review hearing caused any "atypical or significant hardship" on plaintiff "in relation

to the ordinary incidents of prison life."  Id. at 3 (quoting Sandin v. Conner, 515 U.S. 472, 484

(1995)).

          Based on the foregoing findings, the court granted plaintiff a period of twenty

days in which to file a request for voluntary dismissal of this action.[1]  Plaintiff has not responded

in any way to the court's order.  Accordingly, good cause appearing, this action will be dismissed

for failure to respond to the May 3, 2013 order.  See Fed. R. Civ. P. 41(b); Local Rule 110.

////

////

////

////

////

////

---

          [1]  The court also cautioned plaintiff that if this action proceeded further as a civil rights action pursuant to 42 U.S.C. § 1983 he would incur a liability in the amount of $350.00, which is the filing fee for a federal civil action, and that if the action were a civil rights action and was dismissed for failure to state a claim upon which relief may be granted, that dismissal would operate as a strike under 28 U.S.C. § 1915(g).  See Order filed May 3, 2013 (ECF No. 6) at 3 n.4.

1       In accordance with the above, IT IS HEREBY ORDERED that this action is

2  dismissed for failure to respond to the May 3, 2013 order.  See Fed. R. Civ. P. 41(b); Local Rule

3  110.

4  DATED:  June 10, 2013

5

6                                        _____

7                                        KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

8  12
   craf2248.dm

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9   DEREK CRAFT,

10          Plaintiff,                   No. 2:12-cv-2248 JFM P

11      vs.

12   CDCR, WARDEN, (CCC), et al.,

13          Defendant.                   <u>NOTICE OF AMENDMENT</u>

14   _____/

15          Plaintiff hereby submits the following document in compliance with the court's

16   order filed _____:

17          _____      Second Amended Complaint

18   DATED:

19

20                                       _____

21                                       Plaintiff

22

23

24

25

26

                              4